FILED

APR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10568 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01013-RCC-HCE-7 |
| v. | |
| GHERMON LATEKE TUCKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted March 10, 2015
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Ghermon Lateke Tucker appeals from his conviction following a jury trial

for conspiring to possess cocaine with the intent to distribute, in violation of 21

U.S.C. § 846, and for possessing a firearm in furtherance of a drug trafficking

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

crime, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tucker did not raise his objections in the district court regarding the audio recording of the February 4 meeting and the transcripts, so we review for plain error. *United States v. Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012). The district court did not plainly err in allowing the recording and the translated transcripts to be admitted into evidence. The unintelligible portions of the recording were not substantial, and any allegations of possible inaccuracies in the translation are conclusory. *United States v. Abonce-Barrera*, 257 F.3d 959, 963–64 (9th Cir. 2001). Tucker's counsel was given adequate opportunity to identify inaccuracies in the translation and cross-examine each of the language analysts who performed the translation. *United States v. Tisor*, 96 F.3d 370, 376–77 (9th Cir. 1996).

Tucker does not explain why this court's precedents regarding replay of trial testimony and re-reading of trial transcripts should apply to a pre-trial audio recording and the transcripts thereof. Regardless, any error was harmless even under the precedents cited by Tucker because there was significant additional evidence tying Tucker to the February 4 meeting and to the conspiracy generally, including the confidential informant's testimony, the presence of Tucker's vehicle outside the meeting, the records of phone calls between Tucker and the co-

conspirators, and Tucker's involvement on the day of the planned home invasion. *United States v. Stinson*, 647 F.3d 1196, 1218 (9th Cir. 2011).

There is no plausible argument that the translation of the content of the audio recording into English required a court-certified translator under the Court Interpreters Act, 28 U.S.C. § 1827. The Act only requires a certified interpreter for translation from one language to another when "a party . . . or a witness who may present testimony in [a] judicial proceeding[] . . . speaks only or primarily a language other than the English language," *id.* § 1827(d)(1), and all of the parties and witnesses in this case spoke English. *Cf. United States v. Bailon-Santana*, 429 F.3d 1258, 1260 (9th Cir. 2005) ("translations for criminal defendants and witnesses who are not fluent in English are normally provided by certified experts").

The statements to which Tucker objects on Confrontation Clause grounds were all statements made unwittingly to a government informant, so they are clearly nontestimonial and the Confrontation Clause does not apply. *Davis v. Washington*, 547 U.S. 813, 825 (2006).

We review de novo the constitutionality of pretrial identification procedures. *United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998). The district court did not err in allowing the confidential informant to identify Tucker because even

an unnecessarily suggestive identification procedure does not violate the defendant's due process rights if "under the 'totality of the circumstances' the identification was reliable." *Neil v. Biggers*, 409 U.S. 188, 199 (1972). The *Biggers* factors indicate that the identification was reliable, *see, e.g.*, *Manson v. Brathwaite*, 432 U.S. 98, 114–16 (1977) (holding identification reliable where the identifying police officer was "not a casual or passing observer" but rather "knew that his claimed observations would be subject later to close scrutiny and examination at any trial"); *United States v. Field*, 625 F.2d 862, 870 (9th Cir. 1980) (the witness "had an excellent opportunity to view the bank robber, being only two to three feet away from him for a full minute"), especially in light of the informant's correct identification of the other participants in the meeting.

An allegation of a violation of Confrontation Clause rights under *Bruton v. United States*, 391 U.S. 123 (1968), is reviewed de novo, *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007), while a district court's denial of a motion for severance is reviewed for abuse of discretion, *United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999). The co-defendant statement that Tucker challenges as a *Bruton* violation was not a confession, as Tucker himself admitted before the district court. Nor did the statement inculpate Tucker, since there were two other passengers in the vehicle who could have been carrying the Glock. As a result,

*Bruton* does not apply, 391 U.S. at 123–24, and the district court did not abuse its discretion in denying Tucker's motion to sever.

The district court's rulings regarding alleged violations of due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), are reviewed de novo, *United States v. Ross*, 372 F.3d 1097, 1107 (9th Cir. 2004). The prosecution did not violate *Brady* because the information about the informant's prior arrest was disclosed and the prosecution did not have the informant's tax returns. *United States v. Bryan*, 868 F.2d 1032, 1036–37 (9th Cir. 1989).

The district court's rulings regarding alleged prosecutorial misconduct are reviewed for abuse of discretion. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). The district court did not abuse its discretion in denying Tucker's motion for a new trial based on alleged prosecutorial misconduct because there is no indication that the prosecutor's comments were specifically designed to inflame the jury. *United States v. Koon*, 34 F.3d 1416, 1444 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996).

Any *Alleyne* error at Tucker's sentencing was harmless. *See United States v. Carr*, 761 F.3d 1068, 1082–83 (9th Cir. 2014).

The district court's rulings on the sufficiency of the evidence in support of the conspiracy conviction are reviewed de novo. *United States v. Tucker*, 641 F.3d

1110, 1118 (9th Cir. 2011). The evidence presented at trial, including Tucker's conversation with his co-conspirators and the confidential informant at the February 4 meeting and the phone records of the extensive communications between Tucker and his co-conspirators, was sufficient that a rational trier of fact could have convicted Tucker of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. *United States v. Flores-Blanco*, 623 F.3d 912, 922–23 (9th Cir. 2010).

Based on the evidence presented at trial, no jury could have found that Tucker conspired only with the confidential informant. As a result, the district court's response to the jury question regarding members of the conspiracy cannot have been erroneous under the standard set forth in *United States v. Escobar de Bright*, 742 F.2d 1196, 1199–1200 (9th Cir. 1984).

**AFFIRMED**.